United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OSCAR IVAN RIVAS GONZALEZ,

Petitioner,

v.

TODD M. LYONS, *et al*.,

Respondents.

Case No. 1:26-cv-08967-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner Oscar Ivan Rivas Gonzalez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for a temporary restraining order. He contends that he was unlawfully detained under 8 U.S.C. § 1225(b)(2)(A) in violation of both the Immigration and Nationality Act ("INA") and his Fifth Amendment right to due process. *See* ECF No. ¶¶ 38–45. For the reasons that follow, the petition is GRANTED in part, and Respondents are ordered to provide Petitioner with a bond hearing. The motion is resolved as moot.

Petitioner is a citizen of Mexico and alleges that he first entered the United States in 1994 when he was a minor without inspection by immigration authorities. *Id.* ¶ 15. He does not allege having any interaction with immigration authorities aside from his most recent arrest. ICE arrested Petitioner following his release from Stanislaus County Jail, where he was serving a sentence for a conviction under Cal. Penal Code § 289(h), sexual penetration of a minor. ECF No. 7-2 at 6.

As both parties agree that Petitioner is detained under § 1226(a) and entitled to a custody redetermination hearing pursuant to that statute, the appropriate relief is a prompt hearing, rather than release. Though this Court and others have ordered release where the Government failed or

refused to provide noncitizens with the process they are entitled to under § 1226(a), that does not appear to be the case here. *See e.g.*, *Silva Alvarez v. Warden*, California City Immigr. Processing Ctr., No. 1:26-CV-04067-NW, 2026 WL 1826484 (E.D. Cal. June 24, 2026); *Arteaga Valdivia v. Chestnut*, No. 1:26-cv-08151-NW, 2026 WL 3216092 (E.D. Cal. October 26, 2026). Following arrest upon an administrative warrant under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). Here, Respondents maintain that Petitioner was arrested pursuant to § 1226(a) following the issuance of an administrative warrant. ECF No. 7 at 1. Since then, he was provided two opportunities to contest ICE's custody determination before an immigration judge. ECF No. 1 ¶¶ 22–24; ECF No. 7-3; ECF No. 7-4. He withdrew from both hearings—first citing a need to gather additional evidence about a sponsor, and another due to ineffective assistance of counsel. ECF No. 1 ¶¶ 22–24. Respondents maintain that he may reschedule his custody hearing at any time. ECF No. 7 at 1.

Further, Petitioner has not made any allegations suggesting that he was entitled to any pre-deprivation process aside from § 1226(a) procedures. Though this Court and others have found that non-citizens previously released by immigration officials on parole are entitled to further process prior to revocation of their parole, Petitioner has not previously been granted parole status by ICE. Additionally, Petitioner has not alleged that he sought immigration relief since entering the United States, so it cannot be said that "the government's decision not to detain Petitioner" created a liberty interest entitling him to a pre-deprivation hearing before his arrest. *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026). Under these circumstances a prompt hearing, rather than release, is the appropriate remedy.

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order, Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

United States District Court
Eastern District of California

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Noël Wise
United States District Judge